IT IS ORDERED as set forth below:



Date: May 20, 2019

_____
Michele J. Kim
United States Bankruptcy Judge
Southern District of Georgia

## UNITED STATES BANKRUPTCY COURT
### Southern District of Georgia

| | |
|---|---|
| In re: **CHASE HUNTER WADE,** | Case No.: **18-20886** |
| | Judge: **Michele J. Kim** |
| | Chapter: **7** |
| Debtor(s) | |

**ORDER ON MOTION FOR RELIEF FROM STAY**
(Official Local Form B-55)

MOVANT: **USAA FEDERAL SAVINGS BANK,**

SUBJECT PROPERTY: **408 Brooklet Cir, Saint Marys, GA 31558, more particularly described at Deed Book 1801, Page 00312, Camden County records**

After notice and a hearing the Motion is ordered:

☐ Granted    ☐ The Trustee will discontinue distribution on the movant's claim and reduce movant's claim to the amount paid if no amended claim is filed within _____ days of this order.

☐ The Trustee shall reduce movant's claim relating to this collateral to the amount paid. Movant is granted leave to seek allowance of a deficiency claim, if appropriate.

☐ Continued to _____ at _____ ☐ am ☐ pm

☐ Continued. The Motion will not be reassigned until a minimum of seven (7) days after Movant files and serves a Request for Assignment of Continued Hearing. That request shall not be filed until discovery is complete, including, if applicable, providing a post-petition payment history to opposing counsel.

☐ Denied.

☒ Denied on the condition that:

☐ The Debtor shall make timely post-petition payments to Movant as required by the Chapter 13 plan.

☐ The Debtor shall tender payments to Movant or take other action as follows:

Post-petition arrearage is _____ through the _____ payment due date, plus attorney's fees of _____ and court costs of _____ for a total arrearage of _____ .

☐ Debtor shall pay to Movant the sum of : _____ on or before _____ which sum shall be applied to the above-referenced total arrearage.

☐ Debtor shall cure the foregoing arrearage in full by making additional monthly payments to the Movant in the sum of _____ per month beginning _____ and continuing on the _____ day of each successive month thereafter, with a final additional payment of _____ being due on or before _____ .

☐ Debtor shall recommence making regular monthly payments to Movant, as same come due under the applicable loan documents, including any insurance premiums which may come due thereunder, (subject to adjustment if provided in the contract) beginning _____ , and maintain current monthly payments thereunder for the pendency of this case. All payments must include the last four digits of the account number _____ and shall be sent to the following address, depending on the type of payment:

STRICT COMPLIANCE IS ORDERED as follows:

☐ That in the event the debtor fails to comply with the terms of this order, the movant, through its attorney of record, may file an affidavit establishing the default, served upon the debtor and debtor's attorney. Upon the expiration of fourteen (14) days without the filing of a counter-affidavit by the debtor disputing the fact of default, an order will be entered lifting the automatic stay, converting the case to a Chapter 7 or dismissing the case without further motion, notice or hearing.

☐ The strict compliance provision of this Order shall expire on _____ .

|                |         |
|----------------|---------|
| Case No.:      | 18-20886 |
|                | Page 3   |

 **Other provisions:**

> The Chapter 7 Trustee shall have one hundred twenty (120) days from the date of the date of the entry of this Order to market and obtain a contract for sale on the real property. If the Chapter 7 Trustee has not obtained a contract for sale within one hundred twenty (120) days or filed a motion to sell with this Court within one hundred twenty (120) days from the date of the entry of this Order, then the automatic stay of 11 U.S.C §362 shall be terminated as to Movant to the extent that the automatic stay enjoins and restrains Movant from the exercise of its rights under the Power of Sale provisions contained in the Security Deed and as provided for by the laws of the State of Georgia, as to its collateral; including, but not limited to, advertising to effectuate a foreclosure sale at the earliest possible date, gaining possession of the property and pursuing any other rights available to Movant under state law, as to its collateral.

**NOTE TO COUNSEL: THE COURT REQUIRES ANY FORM MODIFICATIONS AND/OR NONCONFORMING TERMS TO BE PLACED IN THE "OTHER PROVISIONS" SECTION ABOVE, OR ON A SEPARATE PAGE.**

[END OF DOCUMENT]

| Attorney for Movant | Attorney for Respondent/Debtor | Debtor | Trustee |
|---|---|---|---|
| Taylor S. Mansell | Matthew L. Wolfe, P.A. | | R. Michael Souther |
| Name (print) | Name (print) | Name (print) | Name (print) |
| 940461 | 151077 | | |
| GA Bar No. | GA Bar No. | | |

Prepared by:

|  |  |
|---|---|
| | s/ Taylor S. Mansell |
| Attorney Name | Taylor S. Mansell |
| Attorney for | Movant |
| Bar Number | 940461 |
| Address | 211 Perimeter Center Parkway, N.E. Suite 300 |
| City, St, Zip | Atlanta, GA 30346 |
| Telephone | (770) 220-2535 |
| Email | tmansell@logs.com |

GASB-55e [Rev. 8/17]